DeCARLO, Judge,
dissenting.
The crucial issue in this case is whether or not appellant’s warrantless arrest was proper. I agree with the majority’s ruling that the term “in his presence,” as used in § 15-10-3, Code of Alabama, supra, permits an arrest whenever an officer, using any of his senses, determines that a breach of the peace has been committed or threatened. I disagree with the majority’s application of that rule to the facts of this case. Confronted with the facts of this case, a reasonable police officer using his senses of hearing and sight would conclude that a breach of the peace had been committed or threatened.
The pertinent facts showing that appellant’s conduct threatened a breach of the peace are as follows: (1) his wife was out in the cold in her nightgown in the early morning hours screaming that her husband had run her out of the house; (2) appellant had locked himself in the bedroom; (3) when the wife entered the bedroom she began shouting, “He’s got a gun. Y’all get that thing away from him. He’s got a gun; y’all take it away from him;” (4) the officer in the doorway to the bedroom was only a very short distance away from appellant and his wife at that time; (5) when the police entered the bedroom they found a gun at the foot of the cot within appellant’s reach.
Based upon the foregoing facts, it is my judgment that the police officer was alerted, through his senses of sight and hearing, to the fact that appellant had breached, or had threatened to breach the peace within his presence.
For the foregoing reasons I respectfully dissent.